[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12913
Non-Argument Calendar

_____

D. C. Docket No. 08-60809-CV-CMA

RICHARD J. KAPLAN,

Plaintiff-Appellant,

versus

BANK OF AMERICA CORPORATION,
a National Banking Association
d.b.a. Bank of America, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 19, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Kaplan appeals the summary judgment in favor of Bank of America Corporation and against Kaplan's complaint of breach of contract. The district court ruled that Bank of America had to use an interest rate published in The Wall Street Journal to calculate the adjustable interest rate for Kaplan's promissory note. We affirm.

## I. BACKGROUND

In 2003, Kaplan obtained from Bank of America an adjustable rate mortgage. The promissory note stated that the Bank would adjust Kaplan's interest rate yearly beginning on May 1, 2008. Kaplan's adjustable interest rate was calculated using the "Current Index," which was defined as "THE MOST RECENT INDEX FIGURE AVAILABLE AS OF THE DATE 45 DAYS BEFORE EACH" first day of May. The note defined the Index as "THE ONE-YEAR LONDON INTERBANK OFFERED RATE ("LIBOR") . . . AS PUBLISHED IN THE WALL STREET JOURNAL." The Interbank Rate is set every business day by the British Bankers' Association in London, England, and transmitted worldwide by online service companies. The Wall Street Journal publishes the Interbank Rate from the previous business day.

In March 2008, Bank of America notified Kaplan of his new adjusted interest rate, which was "based on a current index of 2.51250 %, which was

2

published on 3-15-08." The Interbank Rate used by the Bank was set by the Bankers' Association on Friday, March 14, 2008, and published in The Wall Street Journal on both Saturday, March 15, 2008, and Monday, March 17, 2008. Kaplan's interest rate had to be based on the Interbank Rate "as of the date 45 days before" May 1, 2008, or on March 17, 2008.

Kaplan filed a complaint that Bank of America breached its mortgage contract by using the wrong Interbank Rate to calculate his mortgage payments. Kaplan argued that the term "Current Index" had been defined independent of and had to be interpreted separately from the term "Index." Based on this reasoning, Kaplan argued that his interest rate was based on "the most recent Index figure available" from, or set by, the Bankers' Association on March 17, 2008, which was 2.17813 percent.

Bank of America moved for summary judgment. The Bank argued that the note stated Kaplan's interest rate was based on the Interbank Rate published in The Wall Street Journal on March 17, 2008. The district court granted summary judgment in favor of Bank of America.

## II. STANDARD OF REVIEW

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Twin City Fire Ins. Co. v. Ohio Cas. Ins.

3

Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. DISCUSSION

Kaplan argues that the plain language of the promissory note required that Bank of America use the Interbank Rate set by the Bankers' Association on March 17, 2008, but that is not a plausible reading of the note. Kaplan's argument requires that we read the term "Current Index" independent of the term "Index," but "[e]very word in [an] agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument." Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 380 F.3d 1331, 1335 (11th Cir. 2004). The note provides that the "Current Index" is computed using the "Index figure available" on March 17, 2008, which is the Interbank Rate as "published in the Wall Street Journal." The note provides that Kaplan's adjustable interest rate is based on the Interbank Rate published in The Wall Street Journal on March 17, 2008.

The summary judgment in favor of Bank of America is **AFFIRMED**.